MEMORANDUM **
Gerald Mahle was convicted in state court of controlled substance offenses. Before sentencing, however, his conviction was set aside due to an intervening appellate decision, which the trial court applied retroactively. That decision, State v. Crocker, 97 P.3d 93 (Alaska Ct.App.2004), held that in order to establish probable cause for a search for evidence of the state law offense of unlawful possession of marijuana, “the State [must] affirmatively establish ] probable cause to believe that the *19 type of marijuana possession at issue ... is something other than the type of possession protected [by state case law].” Id. at 96. Because the search in his ease failed to meet this test, Mahle’s conviction was set aside. He then brought suit under 42 U.S.C. §§ 1983 and 1985, and state law against the State of Alaska, the Municipality of Anchorage, and various state and city officers. The district court eventually dismissed all of Mahle’s claims and he appeals.[1]
1. The district court correctly dismissed the claims against the State because the State is not a “person” subject to suit under §§ 1983 and 1985. See Will v. Mich. Dep’t of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
2. The district court also correctly dismissed the claims against the state prosecutors, defendants Kari Brady and Kevin Donley, because they are immune from suit under § 1983. See Kalina v. Fletcher, 522 U.S. 118, 124, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). To the extent they were performing investigative functions, and thus not protected by absolute immunity, they are entitled to qualified immunity because the law, on the basis of which Mahle’s conviction was overturned, Crocker, indubitably was not clearly established at the time of the prosecutors’ actions. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (holding that second element of qualified immunity test is whether the law violated was clearly established).
3. To state a claim for municipal liability under § 1983, the complaint must allege that the individual officers’ conduct was pursuant to an official policy, custom, or practice of that municipality. See Galen v. County of L.A., 477 F.3d 652, 667 (9th Cir.2007). The district court correctly dismissed the claims against the Municipality of Anchorage because the complaint contains no allegations regarding any policy or practice of the Municipality.
4. The same qualified immunity analysis as to the state prosecutors also applies to the police officers, defendants Duane Jones and Steven Boltz. Because Crocker was not clearly established law at the time they acted, they too are protected by qualified immunity.[2]
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Upon dismissing all federal claims, the district court declined to exercise supplemental jurisdiction over the state law claims and dismissed those without prejudice.

. Defendants contend that all of the § 1983 claims must fail because what Mahle complains about, i.e., the violation of the standard set by Crocker, is a violation of state and not federal law, and § 1983 protects only against violations of federal law. We see the claims differently—as alleging a violation of the Fourth Amendment. In every case involving a claim of lack of probable cause for a search under the Fourth Amendment, we must look to the elements of the suspected crime, whether under state or federal law, in order to assess whether there was reasonable cause to believe that a crime had been committed. See Virginia v. Moore,-U.S.-, 128 S.Ct. 1598, 1605, 170 L.Ed.2d 559 (2008); see also Skoog v. County of Clackamas, 469 F.3d 1221, 1230-31 (9th Cir.2006).